359 So.2d 1088 (1978)
James Harold RICHARD
v.
HEBERT'S CREAMERY, INC., et al.
No. 6500.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1978.
*1089 Morrow & Morrow, Patrick C. Morrow, Opelousas, for plaintiff-appellant.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Edward C. Abell, Jr., Lafayette, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
This is a suit in tort by plaintiff, James Harold Richard, against defendant, Hebert's Creamery, Inc., and certain executive officers of the corporation. Defendants filed exceptions of no right and no cause of action, contending that plaintiff was acting in the course and scope of his employment at the time the alleged injuries were received, and Act 147 of 1976 gives them immunity from personal liability.
The accident is alleged to have occurred on September 9, 1976 and the effective date of the act was October 1, 1976.
The trial court held that the act should be given retroactive application and sustained the exception, dismissing plaintiff's suit.
On appeal, the only issue is whether Act 147 of 1976, which amended LSA-R.S. 23:1032 to legislatively prohibit the so-called "executive officer suits", is to be given retroactive application.
The act in question is substantive in nature and is not interpretative, remedial, or procedural. Accordingly, it is prospective in application and not retroactive. Green v. Liberty Mut. Ins. Co., 352 So.2d 366 (La. App. 4 Cir. 1977); Billedeaux v. Adams, 355 So.2d 1345 (La.App. 3 Cir. 1978).
The judgment of the trial court is reversed; the exceptions of no right and no cause of action are overruled, and the case is remanded to the trial court for further proceedings.
All costs on appeal are taxed against defendants-appellees.
REVERSED AND REMANDED.