STOKER, Judge.
This is an action for personal injuries sustained by plaintiff when he jumped from a milk truck when the brakes on the truck allegedly failed.[1] Plaintiff was driving the *946 truck in the course of his employment by Hebert’s Creamery, Inc. Some of the defendants are persons alleged to be executive officers of the corporation. Firemen’s Insurance Company of Newark, N. J., is the insurer of Hebert’s Creamery, Inc., and plaintiff asserts that the policy of insurance covers the liability of the company’s executive officers.
Motions for summary judgment were granted on behalf of the insurer and also in favor of certain of the alleged executive officers who are defendants. This appeal is from the dismissal of these parties on the motions for summary judgment. The case presents several issues:
(1) Whether, as to Moise Hebert and elevens Bijeaux (employees of the creamery), there is any genuine issue of fact as to any duty they may have owed to plaintiff and, if so, whether any duty was breached which made them legally responsible,
(2) Whether, as to Marcel P. Hebert, Jr., and Helen T. Hebert, there was any genuine issue of fact concerning their position that they had no connection with the creamery other than -as having been token shareholders of one share of stock each to permit incorporation under the corporation law which existed when the corporation was formed, and
(3) As to the insurer, hereinafter, referred to as Firemen’s, and sometimes as the insurer, whether or not certain provisions of the policy of insurance excluded coverage under the facts of this case, particularly under the “cross-employee” exclusion of the automobile portion of the policy, and also under the automobile exclusion of the comprehensive general liability portion of the policy.
FACTS
Plaintiff was a routeman for Hebert Creamery, Inc. He was provided a truck by his employer for making his deliveries. The truck was known as truck number eleven. Several days before the accident plaintiff’s regular truck, number eleven, had been pulled for a motor overhaul by the company maintenance section. The company had a spare truck, number twenty-one, which was assigned to plaintiff to be used during the period truck number eleven was being overhauled. Plaintiff was driving truck number twenty-one when his accident occurred. Plaintiff had been using this truck for several days. According to plaintiff, the emergency hand brake in this truck was defective and had been for quite a long time. Plaintiff claims he had complained in the past about the emergency brake on this truck and also on his own truck, number eleven. He made his complaints to Reeves Thibodeaux, the company mechanic.
It is not too clear how plaintiff’s accident occurred. His vehicle only was involved. Plaintiff claims the regular brakes failed. Plaintiff’s deposition testimony does not exactly follow the facts as alleged in the petition. He testified that he applied his brakes at a stop sign, and the brakes went to the floor, and pumping the brakes did no good. He maintained that the brake line burst. Plaintiff also testified that, as he had a defective emergency brake, it would have been futile to apply it. Also, plaintiff maintained that he could not otherwise stop his truck (by shifting down for example), could not make a turn without being in danger of overturning the truck, and that he was headed for a canal. Therefore, he leaped from the truck and injured himself in the process.
Hebert’s Creamery, Inc., is almost solely owned and is managed by Marcel Hebert, Sr. According to plaintiff’s testimony, the company did its own maintenance. Reeves Thibodeaux was the mechanic, but John Tabor had something to do with maintenance. Moise Hebert and elevens Bijeaux are supervisors of routemen, and, according to plaintiff’s deposition testimony, have nothing to do with vehicle maintenance. Their only duties were to supervise the routemen, see that they were on the job, assist them in whatever may be necessary, *947 including helping make collections, and fill in for them in case of absence.
Plaintiff’s attorney took the deposition of Marcel P. Hebert, Sr. In that deposition he corroborated the deposition testimony of plaintiff. The senior Hebert owns all but two shares of 1,000 shares of the company stock, and his wife and son each own one share. The senior Hebert has virtually exclusive control of the corporation. He explained that John Tabor, Sr., was his maintenance supervisor and, in addition, was his second in charge. Reeves Thibodeaux was his mechanic, and Moise Hebert and elevens Bijeaux performed the duties indicated by plaintiff.
MOTION FOR SUMMARY JUDGMENT OF MOISE HEBERT AND CLEVENS BIJEAUX
It appears to be plaintiff’s complaint that the executive officers he has sued failed to perform a duty owed to him to furnish him with an operable vehicle free from risk of harm, specifically, one free from the risk of brake failure. In this context, we first consider the motions of Moise Hebert and Clevens Bijeaux.
 The foundation for executive officer liability (assuming an executive officer is in fact involved) is a finding that the executive officer owed a duty to plaintiff, delegated to him by the employer, which the executive officer breached. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Plaintiff admits in his deposition that neither Moise Hebert nor Clevens Bijeaux was in charge of maintenance or inspection of trucks. In their depositions, Moise Hebert and Clevens Bijeaux show that the duties assigned to them were confined to those listed above. Hence, it would appear that these two individuals had no duties which they could have breached so as to cause plaintiff’s accident. However, plaintiff relies on the following testimony which appears in the deposition of Moise Hebert:
Page 19:
Q. Well, if you knew that one of your crew members had a problem with his truck and Mister Tabor or Mister Thibodeaux refused to fix it would you allow that employee to take the truck out?
A. No, sir.
Q. What would you do?
A. I would just tell them to leave it parked where it’s at because that’s where it belongs, right there.
Page 21:
Q. ... if you would tell him to park his truck and you know that that milk has to go out what would be your next step?
A. If there would be no more truckfs] and the truck would be broken what would you do; leave it parked there; that’s all.
Q. But you wouldn’t appeal to Mister Marcel Hebert? .
A. If he would have gone to Marcel? If Jim would have gone to Marcel?
Q. No, he didn’t go to Marcel.
A. Oh, yeah; I would have gone to Marcel.
Q. You would have gone to Mister Mar-eel and you would confront him with the problem?
A. Oh, yeah.
Q. And that would be part of your duty?
A. Yes, sir.
Plaintiff urges the above statements present a factual question as to whether or not Moise Hebert had a duty to provide plaintiff with reasonably safe equipment. As both Moise Hebert and Clevens Bijeaux testified, they had equal jobs and equal duties; the same would apply to Bijeaux.
We fail to see how the quoted language establishes that the employer corporation had assigned any duties regarding truck maintenance or inspection to the two supervisors or route managers. It is clear from their testimony, and plaintiff’s own testimony, that Moise Hebert and Clevens Bijeaux had no active responsibilities in this area. It is also clear that the routemen, *948 such as plaintiff, dealt directly with Reeves Thibodeaux or John Tabor. The suggestion is that, if the supervisors knew a route-man’s truck was defective, so as to create a risk, they would owe a duty to order or authorize the routeman not to make his run. It is also suggested that the supervisors would owe a duty in such a situation to intercede with Mr. Marcel Hebert, Sr., the owner and manager, for correction of the unsafe condition. Plaintiff testified that the only person he ever complained to was Reeves Thibodeaux, and that complaint concerned the emergency brakes being defective. The accident occurred, according to plaintiff, when the brake lines for the regular brakes burst. Furthermore, plaintiff himself testified that he had checked the brake fluid, and that the brakes were full. Since plaintiff did not complain to Moise Hebert or elevens Bijeaux about the absence of an effective emergency brake on truck number twenty-one, we fail to see how the speculations referred to above disclose a material issue of fact. If their only duty was to do something if they knew of defective conditions, and they did not in fact know thereof, it follows that no duty to plaintiff Was breached.
For the foregoing reasons, we affirm the motion for summary judgment granted in favor of Moise Hebert and elevens Bijeaux.
MOTION FOR SUMMARY JUDGMENT ON MARCEL P. HEBERT, JR., AND HELEN T. HEBERT
Marcel P. Hebert, Sr., was the sole owner of the creamery business when it was incorporated in about 1965 as Hebert’s Creamery, Inc. As the corporation laws then required three natural persons to incorporate, he selected his wife, Helen T. Hebert, and his son, Marcel P. Hebert, Jr., as the other two incorporators. The incorporation took place with 998 shares in the name of the senior Hebert and one each in the names of his wife and son. The company officers were: Marcel P. Hebert, Sr., president; Marcel P. Hebert, Jr., vice-president; and Mrs. Hebert, secretary. The senior Hebert testified that neither his wife nor son have ever participated in the management of the company. Marcel P. Hebert, Jr., at one time worked as a routeman, but for approximately four years prior to the accident was disassociated from the creamery and devoted himself exclusively to a trophy business operated by him.
Helen T. Hebert gave her deposition and was questioned by plaintiff’s attorney. Her testimony is consistent with that of her husband. It is quite clear that neither Helen T. Hebert or Marcel P. Hebert, Jr., the son, had any connection with the corporation other than as nominal stockholders of one share each and as holders of the empty titles of vice-president and secretary. They had no duties delegated to them by the corporation. There is no material issue of fact on this point, and we affirm the motion for summary judgment in favor of Helen T. and Marcel P. Hebert, Jr.
MOTION FOR SUMMARY JUDGMENT OF FIREMEN’S INSURANCE COMPANY OF NEWARK, N. J.
According to the oral reasons for judgment given by the trial judge (Tr. 132) the policy in question consists of a two-part policy furnishing both comprehensive general liability coverage and automobile liability insurance coverage. The briefs of counsel treat the policy as though it furnishes both types of coverage. However, we are unable to find within the documents in the record, which purport to constitute the policy, any specific provisions affording comprehensive general liability coverage. (Tr. 58) After close examination, it is clear that the assemblage of sheets purporting to be the policy appearing at page 58 of the transcript is neither the original of the policy nor a certified copy of the policy. It is incomplete, even if it is being relied upon by the parties as an uncertified copy. While the documents include what appears to be a xerox copy of some provisions relating to an automobile liability policy, it is evident that the entire contract is not included.
Inasmuch as we have concluded that neither the insurance contract nor a certified *949 true copy of it are in the record, the motion for summary judgment granted in favor of mover, Firemen’s ' Insurance Company of Newark, N. J., must be reversed. This reversal will be without prejudice to the filing of another motion for summary judgment based upon the policy itself or competent evidence thereof.
For the foregoing reasons the motions for summary judgment granted in favor of Helen T. Hebert, Marcel P. Hebert, Jr., Moise Hebert and elevens Bijeaux are affirmed; the motion granted in favor of Firemen’s Insurance Company of Newark, N. J., is reversed.
AFFIRMED IN PART; REVERSED IN PART.

. Another phase of this matter was before us in a previous appeal as reported by 359 So.2d 1088 (La.App. 3rd Cir. 1978). The accident occurred on September 9, 1976. Therefore, the accident preceded the effective date of Act 147 of the 1976 Regular Session of the Louisiana Legislature which granted immunity to executive officers. Our holding in 359 So.2d 1088, supra, followed previous holdings to the effect that the immunity legislation was not retroactive.