415 So.2d 668 (1982)
James Harold RICHARD, Plaintiff-Appellant,
v.
HEBERT'S CREAMERY, INC., et al., Defendants-Appellees.
No. 8749.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1982.
*669 Morrow & Morrow, Jeffrey M. Bassett and Patrick C. Morrow, Opelousas, for plaintiff-appellant.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Edward C. Abell, Jr., Lafayette, for defendants-appellees.
Before CULPEPPER, SWIFT and DOUCET, JJ.
DOUCET, Judge.
Plaintiff, James Harold Richard, appeals a summary judgment dismissing defendant Fireman's Insurance Company of Newark, N. J., from his suit for personal injuries sustained when the brakes allegedly failed on the milk truck he was driving in the course of his employment with Hebert's Creamery, Inc. The trial judge held that the cross-employee exclusion in the employer's general liability and automobile liability policy was applicable to the executive officers of the company and, accordingly, granted defendant's motion for summary judgment. We affirm.
Previously party to this suit was the plaintiff's employer and certain executive officers who excepted to Richard's action with objections of no right of action and no cause of action, contending that Act 147 of 1976, amending LSA-R.S. 23:1032, provided them with immunity from liability in tort. The trial court sustained the exceptions. We reversed, holding that the aforesaid amendment was substantive and therefore not retroactive to the date of the accident. Richard v. Hebert's Creamery, 359 So.2d 1088 (La.App. 3rd Cir. 1978). In subsequent proceedings summary judgments were entered dismissing all defendants. The dismissal of the executive officers, shareholders and employer's insurer was appealed and we affirmed with respect to the executive officers and shareholders. With regard to the insurer, we reversed without prejudice as the policy was not properly in the record. Richard v. Hebert's Creamery, Inc., 381 So.2d 945 (La.App. 3rd Cir. 1980). Upon remand the policy was properly filed into evidence and a summary judgment was again granted.
The issue on appeal is whether, as a matter of law, Fireman's Insurance is entitled to a judgment dismissing the suit against it. The question turns on whether there is coverage in favor of the executive officers under either the comprehensive liability or the automobile liability features of the policy.
By its terms the comprehensive liability provisions exclude coverage for any injury to a person involved in the use or maintenance, etc. of a motor vehicle. The plaintiff claims the brakes failed in the *670 delivery truck he was driving and as a result thereof he was forced to leap from the truck causing injury to his knee. This provision clearly excludes from coverage the situation in this case. Equally clear is that the insurance does not apply to bodily injury to an employee of the insured arising out of and in the course of his employment by the insured.
Plaintiff alleges that the executive officers of the creamery owed him a duty of care to provide him with hazardous-free and safe equipment, and contends that his action falls under the general comprehensive liability portion of the policy. According to the plaintiff, an ambiguity exists in the policy inasmuch as the provision listing persons insured extends to executive officers where the named insured is designated as other than an individual, partnership, or joint venture, whereas the executive officers are excluded under the cross-employee provisions. We disagree.
We find no ambiguity in the policy. The provisions complained of pertaining to coverage relate to different circumstances. That the executive officers are among those defined as persons insured, and as employees of the named insured under the cross-employee exclusion, does not, ipso facto, render the policy ambiguous. The latter provision has as its intention the denial of coverage to employees that have a remedy under the Workmen's Compensation Act. Both the Workmen's Compensation Act and the contract between the parties limit the right of recovery from a fellow-employee. The trial judge properly concluded that the executive officers were employees for the purpose of the cross-employee exclusion. Heiser v. Gibson, 386 F.Supp. 901 (E.D.La. 1974); Mauterer v. Associated Indemnity Corp., 332 So.2d 570 (La.App. 4th Cir. 1976); Manuel v. Liberty Mutual Insurance Company, 256 La. 480, 236 So.2d 807 (1970).
The present situation is distinguishable from the case relied upon by appellant, Credeur v. Luke, 368 So.2d 1030 (La.1979) where the president of the corporation was individually named in the policy as an insured. As the executive officers herein are not named insureds, there is no ambiguity as to coverage thereof as in Credeur.
As the terms of the policy are not ambiguous they form the law between the parties. Accordingly the trial judge properly sustained defendant's motion for summary judgment.
For the reasons set forth above, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.