422 So.2d 1167 (1982)
Michael Craig BOUDREAUX, Plaintiff,
v.
Rodney VERRET & Par Industries, Inc. et al., Defendants-Appellants, Defendant-Appellee.
No. 82-121.
Court of Appeal of Louisiana, Third Circuit.
July 28, 1982.
On Rehearing November 17, 1982.
Rehearing Denied December 29, 1982.
*1168 Roy, Forrest & Lopresto, Alex A. Lopresto, III, New Iberia, for defendants-appellants.
Gachassin & Capretz, Nicholas Gachassin, Clement Story, III, Voorhies & Labbe, E. Greg Voorhies, Lafayette, Richard B. Nevils, Baton Rouge, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Timothy J. McNamara, St. Paul Bourgeois, IV, of Allen, Gooch and Bourgeois, Lafayette, Camp, Carmouche, Palmer, Barsh & Hunter, David Frohn, Lake Charles, for defendant-appellee.
Shelton & Legendre, Thomas R. Shelton, Lafayette, for plaintiff.
Before SWIFT, DOUCET and LAHAYE, JJ.
LAHAYE, Judge Pro Tem.
Whether or not the defendant-insurer, United States Fidelity & Guaranty Insurance Company, is entitled to a summary judgment dismissing plaintiff's claims against it is the sole issue on appeal. The lower court held that it was, and granted summary judgment accordingly. We reverse.
Plaintiff, Michael Craig Boudreaux, filed suit alleging he received personal injuries due to the fault of several defendants, including Par Industries, Inc. (Par), Rodney Verret (Par's President) and their insurer, United States Fidelity & Guaranty Company (USF & G).
USF & G issued a Workmen's Compensation and Employers' Liability policy covering Par. It also issued a Comprehensive General Liability policy covering Par and Rodney Verret as an additional insured by virtue of his position as an executive officer of Par. USF & G filed a motion for summary judgment contending that the policies excluded coverage in those situations where the plaintiff was entitled to workmen's compensation benefits. It argued that the plaintiff in this case was an employee of Par, that he was injured while in the course and scope of his employment, and that he was entitled to compensation. Therefore, USF & G contended that the policies' exclusion provisions precluded coverage of Par or Verret.
USF & G also contends that as a matter of law, plaintiff's exclusive remedy against his employer and an executive officer of his employer is for workmen's compensation benefits. In addition it claims that if Par and Verret could not be held liable as a matter of law, then neither could their insurer, USF & G.
Par and Verret oppose the motion for summary judgment arguing that the policies are ambiguous and because there are genuine issues of material fact yet to be resolved. Thus, they argue that summary judgment in favor of USF & G was improperly granted, and they appeal on that basis.
In Lee v. Allstate Insurance Company, 402 So.2d 181 (La.App. 1st Cir.1981), the court said at page 181:
"The law provides that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. The burden of showing that there exists no genuine issue as to material fact is upon the mover for summary judgment. Any doubt is resolved in favor of a trial on the merits and against the granting of a summary judgment. Emp. Surplus Line Ins. v. City of Baton Rouge, 362 So.2d 561 (La.1978) and Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977)."
USF & G failed to file the insurance policies or copies of these policies in the record of this suit. This court in Richard v. Hebert's Creamery, Inc., 381 So.2d 945 (La. App. 3rd Cir.1980), when faced on appeal with a similar situation wherein the insurer was granted a summary judgment, stated: "Inasmuch as we have concluded that neither the insurance contract nor a certified true copy of it are in the record, the motion *1169 for summary judgment granted in favor of mover, ..., must be reversed." A similar result under similar circumstances was also reached by our brothers on the First Circuit in the Lee case, supra.
We conclude that USF & G, by failing to file its insurance policies or certified copies of them in the record, has failed to carry its burden of proof, and summary judgment in its favor should not have been rendered.
For these reasons, the judgment of the trial court is reversed and set aside; USF & G's motion for summary judgment is denied; and the case is remanded to the district court for further proceedings according to law and consistent with the views expresed herein. All costs incurred in connection with USF & G's motion for summary judgment are taxed against it; all other costs are to await final disposition of this matter.
REVERSED, RENDERED AND REMANDED.

ON REHEARING
We granted a rehearing because we learned on the application for rehearing that the policies of United States Fidelity and Guaranty Company had indeed been filed in the district court but had not been transmitted to the Court of Appeal with the record of this lawsuit. Upon further consideration of the record now supplemented, we hold that we erred in originally holding summary judgment improper.
Plaintiff's initial petition was drafted as an ordinary negligence action. Omitted from the petition is any request for workmen's compensation benefits. By amended petition he attempted to allege an intentional tort by adding the following allegations:
"`13(a)'
That MICHAEL CRAIG BOUDREAUX'S injury resulted from the jointly intentional acts of PAR and VERRET, as follows:
(1) By ordering the Plaintiff to work at a time and a place when PAR and VERRET knew or should have known that injury was substantially certain to follow;
(2) By requiring the petitioner to perform his job functions on an inadequately secured scaffold approximately 50 feet in the air, under circumstances and conditions where a reasonable man should have known or believed that injury would follow;
(3) That the `exclusive remedy rule' found in LSA-R.S. 23:1032, as amended by Act 147 of 1976, violates the Plaintiff's rights to equal protection of the laws, substantive due process and adequate access to the courts, and amount to an arbitrary statutory classification having no rational purpose under U.S.C.A. Const.Amend. 14 and LSA-Const. Art. 1, Sec. 2, Sec. 3 and Sec. 15(a);
(4) That VERRET is responsible to the petitioner for his injuries individually insofar as VERRET was an officer and director and shareholder of a corporation which did not conduct its day-to-day business activities as a corporation, and therefore the corporate vale should be pierced and VERRET should be individually responsible unto the Plaintiff for his injuries;
(5) That VERRET was an officer, director, shareholder in a corporation, PAR, which did not maintain its identity as a corporate entity from various other related and affiliated corporate entities insofar as the maintenance of separate corporate accounts, separate corporate funds and separate corporate materials and inventory; and VERRET is individually responsible to the Plaintiff;
(6) That PAR did not conduct its affairs as a corporation, and the officers and shareholders of PAR are individually subject to liability herein without benefit of corporate immunity; and
(7) That PAR and VERRET are responsible unto the Petitioner for breach of legal duties they owed unto the Petitioner as landowner of the premises on which the accident occurred, as *1170 custodian of the `thing' (platform jacket and platform) that caused injury to the Petitioner under the `dual-capacity' doctrine."
On appeal, Par Industries and Verret assign as error the granting of the summary judgment by the trial court in view of the allegations of the amended petition. It should be noted that plaintiff is not party to the appeal. Also, we note that the issue of the insurer's duty to defend is not before the court. The issue presented for our review is whether, based on the pleadings, affidavits and other evidence filed by the parties pursuant to USF & G's motion for summary judgment, a genuine issue of material fact was presented; that is, whether USF & G is entitled to judgment based on plaintiff's exclusive remedy, against his employer and an executive officer of his employer, for workmen's compensation and/or on the policies' exclusion of coverage in those situations where the plaintiff was entitled to workmen's compensation benefits.
Preliminarily, we observe that the defense of tort immunity is not personal to the employer but can be invoked by his insurer when sued under the Direct Action Statute. Carlisle v. State of Louisiana, Through the Department of Transportation and Development, 400 So.2d 284 (La.App. 3rd Cir.1981). Hence, USF & G has standing to assert the motion herein.
The crux of the allegations of amended paragraph 13A of the petition is that the defendants, Par Industries and officer Verret, knew or should have known that an injury would follow when the plaintiff was required to perform his job functions on an inadequately secured scaffold. The allegations of Paragraph 13A are the only ones not clearly within the scope of the provisions of R.S. 23:1032, which provides plaintiff's exclusive remedy under the workmen's compensation statute.
Title 23 of the Louisiana Revised Statutes, Section 1032, as amended in 1976, provides immunity from tort liability for employees, executive officers and co-employees of employees injured while engaged in the course and scope of their employment. To escape the exclusive remedy of workmen's compensation, an employee must show that "(1) the injury occurred while he was not engaged in the course and scope of his employment, (2) the injury resulted from negligence of an employer, executive officer, or co-employee who was not engaged in the course and scope of his employment, or (3) the injury was the result of an `intentional act' of an employer, executive officer, or co-employee." Nugent v. Executive Officers of Harter Oil Co., 396 So.2d 537 (La.App. 3rd Cir.1981). See also, Tedder v. F.M.C. Corp., 590 F.2d 115 (5th Cir.1979); Courtney v. BASF Wyandotte Corporation, 385 So.2d 391 (La.App. 1st Cir. 1980), writ denied, La., 386 So.2d 359.
The plaintiff alleged in his original petition (which was not changed by the amendment) that he was injured in the course and scope of his employment; therefore, the first exception is inapplicable. The amended petition alleges that Par and Verret were outside the normal course and scope of their employment. However, this is a mere conclusion on the part of the plaintiff. In considering an exception of no cause of action, the well-pleaded facts are considered at true, but the court may nevertheless disregard allegations which are not fact but mere conclusions of the pleader. Nugent v. Executive Officers of Harter Oil Co., supra; Lott v. Haley, 363 So.2d 1270 (La.App. 4th Cir.1978); Affirmed in pertinent part, 370 So.2d 521 (La.1979); Shores v. Fidelity & Casualty Company of New York, 413 So.2d 315 (La.App. 3rd Cir.1982). The record reveals no fact which reasonable men could conclude to show Par Industries and Verret acted outside their course and scope of employment. Therefore, unless the petition alleges sufficient facts to constitute an intentional tort, the summary judgment is proper, since plaintiff was clearly within the course and scope of his employment at the time of his injuries.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, *1171 show no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. C.C.P. Art. 966; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The existence vel non of an ambiguity in a contract is a question of law. Thus, this case turns on whether there is a genuine issue as to the acts of Par and Verret being intentional.
The amended petition employs the words "intentional act" and "substantially certain to follow." However, as was noted in Keating v. Shell Chemical Co., 610 F.2d 328 (5th Cir.1980), the use of the word "intent" in the pleadings is not a talisman than can change allegations of gross negligence into colorable claims of true intentional torts for purpose of intentional tort exception to exclusive remedy provision of Louisiana Workmen's Compensation law. LSA-R.S. 23:1032. The definition of "intent" was recently defined by the Louisiana Supreme Court decision of Bazley v. Tortorich, 397 So.2d 475 (La.1981), to mean "that the defendant either desired to bring about the physical results of his act or believed that they were substantially certain to follow from what he did." In other words, "intentional act" has been construed to mean the same as "intentional tort" in reference to civil liability. Rennier v. Johnson, 410 So.2d 1149 (La.App. 3rd Cir.1981), writ denied 412 So.2d 1115 (La.1982). Nothing short of an intentional tort will bar exemption from tort liability under R.S. 23:1032. Keating v. Shell Chemical Co., supra.
The allegations of intentional tort in plaintiff's petition are mere conclusions. Accepting as true all the allegations of fact as to the defects in the scaffolding and the deficiencies in safety, we conclude that they do not constitute facts which show that the defendants desired to injure the plaintiff or any other employee assigned this job, or that an accident or an injury was substantially certain to follow. There are no specific facts pleaded to show how or why defendants knew plaintiff's injury was a substantial certainty, nor are any facts pleaded as to the knowledge of any defendant of unsafe conditions under which the plaintiff was working. The allegations of fact may be sufficient to show negligence, but they are not sufficient to show an intentional tort as defined in Bazley. Thus, the summary judgment was proper since plaintiff's exclusive remedy is in workmen's compensation.
The trial court assigned oral reasons for the summary judgment. The oral reasons were not transcribed and therefore not a part of the record. Thus, the exact basis for the decision is not available. USF & G urges that if the judge felt there were sufficient facts to show an intentional tort, then it is still entitled to judgment because its policies do not cover instances where workmen's compensation is applicable. USF & G issued two policies covering Par and Verret: (1) A Workmen's Compensation and Employer's Liability policy (WC & EL) and (2) A Comprehensive General Liability (CGL) policy. Under the first policy, coverage is afforded the employer for workmen's compensation or, alternatively, extends coverage only to those situations in which there could be liability in tort. Plaintiff does not seek workmen's compensation; therefore we need not address this portion of the first policy. The Employer's Liability or tort provisions of the first policy clearly exclude coverage, by the terms, in those instances where a workmen's compensation remedy may be available. The second General Comprehensive Liability policy is designed to cover risks to third parties who are not employees and excludes employment relationship risks. This second policy similarly and in equally unambiguous terms excludes coverage where a remedy is available in workmen's compensation.
Appellants also contend, citing as authority Credeur v. Luke, 368 So.2d 1030 (La.1979), that the policy is ambiguous inasmuch as Par Industries and Verret are named insured in certain provisions of the policies, yet they are excluded from coverage in other provisions. The Workmen's Compensation and Employer's Liability policy affords coverage only to the named insured Par Industries, Inc. Under the Comprehensive General Liability policy, Par Industries, *1172 Inc., is again the named insured and Rodney Verret is the person insured by virtue of executive officers' inclusions in the "Persons Insured" definition of the policy. Like claims of ambiguity were urged in Richard v. Hebert's Creamery, Inc., 415 So.2d 668 (La.App.1982) involving similar clauses, wherein we responded as follows: "That the executive officers are among those defined as persons insured, and as employees of the named insured under the cross-employee exclusion, does not, ipso facto, render the policy ambiguous. The latter provision has as its intention the denial of coverage to employees that have a remedy under the Workmen's Compensation Act. Both the Workmen's Compensation Act and the contract between the parties limit the right of recovery from a fellow-employee. The trial judge properly concluded that the executive officers were employees for the purpose of the cross-employee exclusion. Heiser v. Gibson, 386 F.Supp. 901 (E.D. of La.1974); Mauterer v. Associated Indemnity Corp., 332 So.2d 570 (La.App. 4th Cir. 1976); Manuel v. Liberty Mutual Insurance Company, 256 La. 480, 236 So.2d 807 (1970).
"The present situation is distinguishable from the case relied upon by appellant, Credeur v. Luke, 368 So.2d 1030 (La.1979) where the president of the corporation was individually named in the policy as an insured. As the executive officers herein are not named insureds, there is no ambiguity as to coverage thereof as in Credeur." Accord: Franklin v. J.A. Jones Construction Co., 391 So.2d 1321 (La.App. 4th Cir.1980); Kelley v. M and M Dodge, Inc., 370 So.2d 1267 (La.App. 3rd Cir.1979). We consider Richard applicable to and therefore controlling in the present case.
As was noted in Heiser v. Gibson, supra, in determining whether an executive officer is an employee, it is proper to look at the Workmen's Compensation Act. LSA-R.S. 23:1044 states that executive officers are deemed to be employees for purposes of receiving benefits. This being true they ought also to be employees for purposes of interpreting an insurance contract provision, the intent of which is to exclude persons with a remedy under the Workmen's Compensation Act. Mauterer v. Associated Indemnity Corp., supra.
With regard to appellants' claim that coverage is afforded for intentional acts, we note that under the Comprehensive General Liability policy, coverage is afforded, by definition of "occurrence" only where the accident is "neither expected nor intended" from the standpoint of the insured. Appellants contend that this policy is ambiguous because although it defines "occurrence" to mean in part "an accident", the policy does not then define "accident." In insurance interpretation relative to the employment relationship it is proper to look to the Workmen's. Compensation Act. Heiser v. Gibson, supra. The Workmen's Compensation Act at LSA-R.S. 23:1021(1) defines "accident" as follows:
"(1) `Accident' means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time symptoms of an injury."
Thus, the definition of "accident" in the policies operates to eliminate coverage for intentional acts.
Appellants also contend that the CGL policy is ambiguous because it defines "intentional acts" conjunctively rather than disjunctively as in the Bazley definition. We find no ambiguity in the clause in question; the policy merely affords the insured greater protection than the law requires.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment previously rendered herein reversing the judgment of the trial court which granted Appellee's motion for summary judgment is hereby reversed and set aside, and judgment is hereby rendered affirming the judgment of the trial court. All costs of these proceedings to be paid by Appellant.
AFFIRMED.

ON APPLICATION FOR REHEARING
PER CURIAM:
Rodney Verret and Par Industries, Inc., defendants-appellants, have applied *1173 for a rehearing from the decision on rehearing rendered on November 17, 1982. They contend that our statement in such opinion, "that the issue of the insurer's duty to defendant is not before the court," is incorrect. Even so, we must deny their application for a rehearing, because the allegations of facts contained in the plaintiff's petitions are insufficient to impose a duty on the insurer to defend this suit on behalf of the applicants.
REHEARING DENIED.