721 So.2d 1018 (1998)
Deberia Ann McKINLEY, et al., Plaintiff-Appellant,
v.
William F. SCOTT, Jr., et al., Defendant-Appellee.
No. 98-263.
Court of Appeal of Louisiana, Third Circuit.
October 28, 1998.
Rehearing Denied December 16, 1998.
*1019 Joseph F. LaHatte, Jr., New Orleans, for Deberia Ann McKinley, et al.
Russell L. Potter, Alexandria, for William F. Scott, Jr., et al.
Darrel Dee Ryland, Marksville, for James Lucas and Anthony Ford.
Edward E. Rundell, Alexandria, for Transportation Insurance Co.
Stephen R. Whalen, Baton Rouge, for T.I.G. Insurance Co.
Before THIBODEAUX, COOKS, SAUNDERS, DECUIR and SULLIVAN, JJ.
SAUNDERS, Judge.
The issue on appeal is whether a trial court properly granted a partial motion for summary judgment in favor of an insurer, T.I.G. Insurance Company; T.I.G. denied coverage over an employee of the Tunica Biloxi Indian Tribe wherein such tribe contracted for coverage with the named insured as Tunica Biloxi Indians of Louisiana d/b/a Grand Casino Avoyelles. The trial court found no genuine issue of material fact in that an employee of the Tunica Biloxi Indian Tribe alone, and not in any capacity employed by the Casino, was not the insured contemplated by the contracting parties. In light of ambiguity present on the face of the policy, we find that there indeed lies a genuine issue of material fact of coverage which precludes summary judgment. We reverse and remand.

FACTS
On November 30, 1995, an eighth grade student, Jeremiah McKinley, was injured while helping push a pickup truck belonging to James Lucas off of Highway 114 in Avoyelles Parish. Jeremiah was hurt when the vehicle driven by William F. Scott, Jr. struck the back of Mr. Lucas' truck. Mr. Scott, chief financial officer of the Tunica Biloxi Indian Tribe of Louisiana, was on a return trip from Nashville, Tennessee where he attended a meeting with the U.S. Department of Health and Human Resources on behalf of the tribe.
On April 26, 1996, Deberia Ann McKinley filed suit on behalf of her minor son, Jeremiah McKinley, in the 12th Judical District Court of Avoyelles Parish. On February 14, 1997, in a Third Supplemental and Amending Petition, Ms. McKinley added T.I.G. Insurance Company as a defendant insurer of William F. Scott, Jr. T.I.G. Insurance Company issued a policy with the named insured as the Tunica Biloxi Indians of Louisiana d/b/a Grand Casino Avoyelles. On March 31, 1997, T.I.G. Insurance Company moved for summary judgment denying coverage of Mr. Scott. After hearing oral arguments, the trial court granted defendant T.I.G. Insurance Company's motion for summary judgment finding that there existed no material issue of fact regarding T.I.G.'s denial of coverage.

SUMMARY JUDGMENT
Where summary judgment is sought by one not bearing the burden of proof at trial, every element of the adverse party's claim need not be negated, rather, the movant need "only point out to the court that there is an absence of factual support for one or more *1020 elements essential to the adverse party's claim, action or defense." La.Code Civ.P. art. 966(C)(2). "The jurisprudential presumption against granting summary judgment has been legislatively overruled" and "the supporting documentation submitted by the parties should be scrutinized equally." Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, 694. Summary judgment is expressly favored as set forth in the amended Article 966(C)(2). "Where the meaning of a contract is to be determined solely from the words upon its face, the appellate courts are as competent as the trial court, and no special deference is usually accorded the trial court's findings." Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La. 1991). Summary judgments are subject to de novo review on appeal and the reviewing court must ask the same questions as a trial court: "whether there is a genuine issue of material fact ... and whether the party is entitled to judgment as a matter of law." Pendleton v. Barrett, 97-570 (La.App. 3 Cir. 12/23/97); 706 So.2d 498, 502.
Appellant asserts that the auto liability policy issued to the Tunica Biloxi Indian Tribe d/b/a Grand Casino Avoyelles, issued by T.I.G. Insurance Company, covers a tribe employee causing a motor vehicle accident while in the course and scope of the tribe's business. Put simply, the issue is one of coverage. The language of the policy describes the named insured as "TUNICA BILOXI INDIANS OF LOUISIANA DBA: GRAND CASINO AVOYELLES" and is followed by a description of that business as "TRIBAL GAMING." This language is susceptible of two distinct meanings. It can be read to mean that the policy covers the Tunica Biloxi Indian Tribe which does business as Grand Casino Avoyelles, a tribal gaming entity, or it can be read to mean that the policy covers "Grand Casino Avoyelles," which is owned and operated by the Tunica Biloxi Indian Tribe. Under the former interpretation, the policy would cover all of the employees of the tribe in whatever capacity they were employed, while under the latter, the coverage would extend only to the employees who work in the gaming business.
It is well settled that the laws of conventional contract apply to insurance policies and that the nature of the relationship between the parties is governed by the agreement; "[h]ence the interpretation of a contract is the determination of the common intent of the parties." Schroeder, 591 So.2d at 345. "The existence vel non of an ambiguity in a contract is a question of law." Boudreaux v. Verret, 422 So.2d 1167, 1171 ( La.App. 3 Cir.1982). Rules of contractual interpretation found in La.Civ.Code art.2045-2057 govern the construction and interpretation of contracts of insurance. Citgo Petroleum Corporation v. Yeargin, Inc., 95-1574 (La.App. 3 Cir. 2/19/97); 690 So.2d 154. Where an ambiguity remains even after methods of contractual interpretation are employed, "the ambiguous provision is to be construed against the drafter and in favor of the insured." Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180, 1183. While parol evidence may not be used to vary or alter the terms of a contract, this Court embraces the principle that parol evidence may be admitted "when the terms of a written contract are susceptible to more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed...." McCarroll v. McCarroll, 96-2700 (La.10/21/97); 701 So.2d 1280, 1286.
This Court finds there to be a genuine issue of material fact as to the scope of coverage and finds the record insufficient for a summary resolution of this matter where no evidence has been sought or put forth evidencing the intent of the contracting parties.

DECREE
In light of the foregoing, we reverse the lower court's ruling in favor of Summary Judgment and remand for further proceedings consistent with this opinion. Costs to be paid by T.I.G. Insurance Company.
REVERSED AND REMANDED.
COOKS, J., concurs in the result.
SULLIVAN, J., dissents.