hDECUIR, Judge.
Sunset police officers Jeff Lemelle and McKinley Babineaux filed these consolidated cases against the Town of Sunset and its insurers to recover attorney’s fees incurred by them in successfully defending a criminal prosecution. They asserted a statutory right to attorney’s fees under La.R.S. 42:1442. The insurers moved for summary judgment on the questions of coverage and the duty to defend their insured. After reviewing the policies at issue and listening to arguments, the trial judge granted summary judgment in favor of both insurers and dismissed them from this litigation. The Town of Sunset has appealed, and we affirm.
Facts
The plaintiffs’ petitions assert that Le-melle and Babineaux and others were charged with theft, illegal possession of stolen things, and unauthorized use of a movable. They were acquitted of some charges, and the remaining charges were dismissed. Thereafter, they filed these suits for attorney’s fees premised on La. R.S. 42:1442, which provides as follows:
§ 1442. Law enforcement officers accused of crimes committed while acting within or in furtherance of their scope and course of employment
A. When (1) a law enforcement officer, employed by the state or an agency thereof or by a political subdivision, as that term is defined in Article VI, Section 44 of the Constitution of Louisiana, has been subjected to an institution of prosecution for an alleged criminal act committed when the law enforcement officer is acting in good faith in the performance or -in furtherance of the course and scope of his employment as defined by law and the policies and procedures of the law enforcement agency employing him, and (2) he is acquitted of the charge, the prosecution has been dismissed by the district attorney, or the periods of time have expired in which he could be brought to trial and convicted, the officer shall be reimbursed for reasonable attorney’s fees incurred by him on account of the institution of prosecution. No reimbursement shall take place under the provisions of this Section until the suit is dismissed or finally adjudicated by a court of competent jurisdiction and the period for taking an appeal has expired. Reimbursement shall be from the governing authority by whom the officer was employed at the time of the alleged crime.
|?B. In a case of dismissal of prosecution, the officer may agree with the employer prior to the dismissal to waive any or all of his rights under this Section if the prosecution is dismissed. If an officer enters into a waiver agreement, it shall not be used as evidence of anything except as evidence of itself in a proceeding by the officer against his employer on matters affected by the waiver.
C. No law enforcement officer, unclassified or otherwise, shall lose any seniority, back pay, or other benefits within the authority of his employer to grant or withhold on account of institution of prosecution for a crime allegedly committed within the performance or in furtherance of the course and scope of his employment without an independent *878 hearing or other established procedural step by the employer to meet fair due process standards.
D. Nothing herein shall prohibit an employer from suspending an employee pending a final resolution of an instituted prosecution.
E. Notwithstanding any other provision herein, the payments authorized by this Section shall be made only if the law enforcement officer has not violated any other rights or privileges secured by the state or federal constitution. The rights of such law enforcement officer shall not be construed as greater than those of an ordinary citizen.
At the time of the plaintiffs’ criminal prosecutions, the Town of Sunset had in effect three insurance policies. Its commercial general liability policy was issued by Transportation Insurance Company. Continental Casualty Company issued the other policies, one entitled Public Officials Liability Policy and the other entitled Law Enforcement Liability Policy. The insurers asserted that various definitions and exclusions contained in their policies precluded coverage for the plaintiffs’ claims for attorneys’ fees. They also contend that because there is no coverage, they have no duty to provide a defense for their insured.
Analysis
Our review of the policy language at issue herein reveals very straightforward exclusionary language. The Transportation commercial general liability policy contains the following exclusion of law enforcement activities:
| ¡¡This insurance does not apply to “bodily injury,” “property damage,” “personal injury” or “advertising injury” arising out of any act or omission resulting from law enforcement activities of your police department or any of your other law enforcement agencies, including their agents or “employees.”
The Continental law enforcement policy, which insures both the Town of Sunset and its police officers, excludes coverage for claims brought by one insured against another insured. The public officials liability coverage excludes the operations and activities of the Town’s “police, sheriff and other law enforcement departments.”
The policies at issue provide liability coverage for wrongful acts committed by certain individuals and resulting in some type of harm to another party. We see no language and detect no intent on the part of the Town or the insurers to provide coverage for the internal, statutorily imposed duty of the Town to reimburse its employees for fees incurred during the course of a criminal prosecution. In fact, we find no merit to the argument that the “wrongful act” giving rise to coverage under any of these policies is the statutory obligation to reimburse the plaintiffs’ attorney’s fees.
Finding no genuine issue of material fact, we conclude there is no error in the judgments rendered by the trial court in these consolidated cases. Accordingly, we affirm at appellant’s cost.
AFFIRMED.