# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 12-150 consolidated with CA 12-151

**ELLIOT A. MISTICH, JR., ET AL.**

**VERSUS**

**DIEDRA R. WEEKS, ET AL.**

**consolidated with**

**JUDITH LANGLINAIS MISTICH, ET AL.**

**VERSUS**

**LOUISIANA FARM BUREAU CASUALTY INS. CO., ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20052134 C/W 20052147
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**REVERSED AND REMANDED.**

Walter Kay Jamison, III
Frederick Douglas Gatz, Jr.
Bryan E. Lege
Kraft Gatz, L.L.C.
600 Jefferson Street, Ste 410
Lafayette, LA 70501
(337) 706-1818
COUNSEL FOR DEFENDANTS/APPELLEES:
     U. S. Agencies Casualty Ins. Co.
     Diedra R. Weeks

William E. Wright, Jr.
Beverly A. DeLaune
Ashley E. Gilbert
Deutsch, Kerrigan & Stiles
755 Magazine St.
New Orleans, LA 70130-3672
(504) 581-5141
COUNSEL FOR DEFENDANTS/APPELLEES:
     Christine Laporte
     Eric Robichaux
     CAN Insurance Company

George Pivach  II
Mark A. Pivach
Ellen Pivach Dunbar
Pivach, Pivach, Hufft
P. O. Box 7125
Belle Chasse, LA 70037
(504) 394-1870
COUNSEL FOR PLAINTIFFS/APPELLANTS:
     Elliot A. Mistich, Jr.
     Jamie Mistich Bergeron

Charles R. Sonnier
P. O. Drawer 700
Abbeville, LA 70511-0700
(337) 893-5973
COUNSEL FOR APPELLANT:
     Judith Langlinais Mistich

Edward O. Taulbee, IV
Max Michael Menard
Katherine P. Martin
Taulbee & Associates
P.O. Box 2038
Lafayette, LA 70502-2038
(337) 269-5005
COUNSEL FOR DEFENDANTS/APPELLEES:
     Louisiana Farm Bureau Casualty Ins. Co.
     Louisiana Farm Bureau Mutual Ins.Co.

**Gretchen Heider Mayard**
**Martin Mayard, LLC**
**P. O. Box 81338**
**Lafayette, LA 70598-1338**
**(337) 291-2440**
**COUNSEL FOR DEFENDANT APPELLEE:**
     **State Farm Mutual AutomobileIns. Co. (as insurer)**

**SAUNDERS, Judge.**

This insurance coverage dispute arose from an accident wherein the driver of a car owned by his wife's corporation died as a result of a collision. An ambiguity in a policy exclusion is at issue, and the trial court granted summary judgment denying coverage. The Plaintiffs/Appellants appeal this judgment. Since the ambiguity can be reasonably interpreted in favor of coverage, we reverse the decision of the trial court and remand for proceedings consistent herewith.

**FACTS AND PROCEDURAL HISTORY**

Elliot Mistich, Sr. and his wife, Judy, purchased a "Comprehensive Automobile Policy" from Louisiana Farm Bureau Casualty Insurance Co. (hereinafter "Farm Bureau") which provides protection against uninsured motorists with limits of $300,000.00 per person and $500,000.00 per accident. The "Comprehensive Automobile Policy" (hereinafter "comprehensive policy") does not list specific automobiles on the declarations page, nor does that page allot space to do so. The declarations page specifically references "UM HIRED/NON-OWNED," indicating that the policy covers uninsured or underinsured motorists, hired vehicles, and non-owned vehicles. Additionally, to ensure full coverage, the Mistiches purchased a "Commercial Umbrella Policy" (hereinafter "umbrella policy") from Farm Bureau which provided supplementary coverage in the amount of $1,000,000.00.

At the time the policies were issued, the Mistiches had possession of three automobiles: a 2002 BMW 530 owned by Tobias, Incorporated (hereinafter "Tobias, Inc."), a company Judy owns and works for; a Ford 250 truck, owned by Elliot's employer, Jade Marine; and an antique 1963 Cadillac, owned by Elliot. The BMW was insured by a policy issued by Gemini Insurance Company and

purchased by Tobias, Inc. That policy, however, excluded underinsured or uninsured motorist coverage for the BMW.

The accident which gave rise to this matter occurred on May 2, 2004, when Elliott was driving Judy's BMW westbound on Louisiana Highway 92, with Judy, two of their grandchildren, and Judy's mother as passengers. Deidra Weeks, Defendant, (hereinafter "Weeks") was driving a 1999 Honda Accord eastbound down the highway. Weeks's car crossed the center line of the highway and collided with the BMW driven by Elliot. Elliot was declared dead at the scene, while Judy and the remaining passengers survived, with injuries.

Plaintiffs/Appellants are Elliott A. Mistich, Jr. and Jamie Mistich Bergeron (hereinafter "Mistich"), the surviving children of Elliot Mistich, Sr. Mistich filed suit against Weeks and Farm Bureau, seeking insurance coverage and damages resulting from Weeks's negligence. Weeks has Louisiana's minimum allowed automobile liability insurance coverage, $10,000.00.

Farm Bureau filed a Motion for Summary Judgment on January 18, 2007, asserting that the policies at issue do not provide coverage for the claimed losses. In that motion, Farm Bureau argues that the policies exclude coverage due to a certain clause, referred to as "exclusion (b)." Exclusion (b) reads as follows: "THIS POLICY DOES NOT APPLY: … (b)  under any of the coverages for automobiles owned or furnished for regular use of any member of the insureds [sic] household, *unless shown on the declaration…*" (emphasis added). According to Farm Bureau, the clause excludes coverage for the BMW driven by Elliot at the time of the accident, because the BMW was not listed on the declaration page.

In opposition, Mistich argues, *inter alia*, that the language of exclusion (b) is ambiguous, because it is unclear whether the phrase "unless shown on the declaration" refers to "automobiles" or "members of the insureds [sic] household."

2

Mistich points out further that the declaration page in the policy lists no automobiles nor does it allot spaces or lines for which to do so. In sum, Mistich argued that exclusion (b) was not applicable, or at best ambiguous.

The trial court granted summary judgment in favor of Farm Bureau on October 29, 2007, denying coverage based on exclusion (b) of the primary policy. This court reversed and remanded on other grounds on Novermber 4, 2009, noting that Mistich's argument regarding exclusion (b)'s ambiguity was compelling. On August 3, 2011, Farm Bureau re-asserted its previously filed Motion for Summary Judgment. Thereafter, on August 31, 2011, Mistich filed a Motion for Partial Summary Judgment as to the ambiguity of exclusion (b). Judy Mistich, Elliot Mistich, Sr.'s surviving spouse, had filed a separate suit as a result of the accident. She joined in this motion, and her case was consolidated with the suit brought by Elliot Mistich, Jr. and Jamie Mistich Bergeron. We consolidate the Plaintiffs' assignments of error in this opinion (hereinafter all Plaintiffs referred to as "Mistich," unless it is necessary to specifically mention one of them). The trial court heard oral arguments on September 15, 2011. Ruling from the bench, the trial court granted summary judgment in favor of Farm Bureau and denied Mistich's Motion for Partial Summary Judgment, thereby denying coverage. It is from this judgment that Mistich appeals.

**ASSIGNMENTS OF ERROR**

1. The District Court erred in finding that "exclusion (b)" of the general exclusions of the Louisiana Farm Bureau Casualty Insurance Company Comprehensive Automobile Policy is unambiguous, and[,] therefore, excludes coverage of Plaintiffs[']/Appellants' claimed losses.

2. The District Court erred by granting Farm Bureau's Motion for Summary Judgment for Failure to Procure Claims.

## LAW AND ANALYSIS

## Assignment of Error Number One

Mistich argues that the trial court erred in granting Farm Bureau's Motion for Summary Judgment, finding that exclusion (b) excluded coverage of the claimed losses. Mistich maintains that there is an ambiguity in the exclusion clause which should be resolved in favor of coverage. We find merit in this contention.

The following principles govern the standard of review and burdens of proof for a review of summary judgments:

> Summary judgments are subject to a *de novo* review. *Thibodeaux v. Lafayette Gen. Surgical Hosp.*, 09-1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by [La.Code Civ.P. art.] 969. The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

> It is also important to be aware of the movant's and not-movant's burdens of proof. Though the burden of proof on a motion for summary judgment remains on the movant, the movant's burden changes contingent upon whether he or she will bear the burden of proof at trial on the matter that is the subject of the motion for summary judgment. *Johnson v. State Farm Ins.*, 08-1250 (La.App. 3 Cir. 4/1/09), 8 So.3d 808.

*Davis v. Country Living Mobile Homes, Inc.*, 11-471, pp. 2-3 (La.App. 3 Cir. 10/19/11), 76 So.3d 1248, 1249-50.

Louisiana Code of Civil Procedure Article 966(C)(2) states in pertinent part:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's

4

burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In the insurance policy context, trial courts are limited in their granting of summary judgments, and ambiguities should be interpreted in favor of the insured:

> When words and phrases contained in an insurance contract are ambiguous, they are to be construed reasonably in the sense that is most favorable to the insured or the person claiming coverage. *Smith* [*v. Girley*, 255 So.2d 748 (La.1971)]; *Hendricks* [*v. American Employers Ins. Co.*, 176 So.2d 827 (La.App. 2 Cir. 1965)]; *Credeur v. Luke*, 368 So.2d 1030 (La.1979)[;] and *Rodriguez v. Northwestern National Ins. Co.*, 358 So.2d 1237 (La.1978). Because of this, **summary judgment may not be rendered declaring lack of coverage unless there is no reasonable interpretation of the policy,** when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. La.C[ode Civ. P.] art. 966.

*Westerfield v. LaFleur*, 493 So.2d 600, 605 (La.1986) (emphasis added).

"The determination of whether a contract is clear or ambiguous is a question of law." *Cadwallader v. Allstate Ins. Co.,* 02-1637, p. 4 (La. 6/27/03), 848 So.2d 577, 580.

The insurer has the burden to prove policy exclusions: "**Policy ambiguities are construed in favor of coverage. Policy exclusions must be clearly stated. Any ambiguity in an insurance policy's exclusions is construed to afford coverage. The insurer has the burden of proving that a loss comes within a policy exclusion**." *La. Maint. Servs, Inc. v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250, 1252 (La.1993) (citations omitted) (emphasis added). Insurance policies are contracts of adhesion, and the insurer has the duty to unequivocally specify exclusions to its obligations. *Cooling v. U.S. Fid. & Guar. Co.*, 269 So.2d 294 (La.App. 3 Cir. 1972), *writ refused*, 272 So.2d 373 (La.1973).

5

"**If the language of the exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied.**" *Holland v. Golden Rule Ins. Co.*, 96-264, pp. 4-5 (La.App. 3 Cir. 10/9/96), 688 So.2d 1186, 1189 (emphasis added) (citation omitted).

The nature of an insurance policy is as follows: "An insurance policy is a conventional obligation that constitutes the law between the insured and insurer, and the agreement governs the nature of their relationship. La.Civ.Code art. 1983." *Peterson v. Schimek*, 98-1712, p. 4 (La. 3/2/99), 729 So.2d 1024, 1028. "Words in an insurance contract are to be given their generally prevailing and ordinary meaning, unless they have acquired a technical meaning. La.Civ.Code art. 2047; *Schroeder v. Board of Supervisors of La. State Univ.*, 591 So.2d 342, 345 (La.1991)." *Peterson*, 729 So.2d at 1028-29. "An insurance contract is construed as a whole and each provision in the policy must be interpreted in light of the other provisions so that each is given meaning. One portion of the policy should not be construed separately at the expense of disregarding other provisions. La.Civ.Code art. 2050; *Central La. Elec. Co.* [*v. Westinghouse Elec. Corp.*, 579 So.2d 981, 985 (La.1991)]." *Peterson*, 729 So.2d at 1029.

In the case *sub judice*, Mistich asserts that exclusion (b) can be reasonably interpreted to mean either: that a specific member of the household must be listed on the declaration page in order to qualify for coverage; or that automobiles owned or furnished for regular use must be listed on the declaration page to qualify for coverage. In support of this argument, Mistich points out that both Elliot and Judy Mistich are listed on the declaration page, that no vehicles at all are listed on the declaration page, and that there is no allotted space to list automobiles on the page.

On the other hand, Farm Bureau argues that the primary, comprehensive policy was issued at a low premium to provide a "small sliver" of coverage that the

6

Mistichs needed to procure the umbrella policy. Since the umbrella policy was issued to Elliot and Judy Mistich, Farm Bureau argues, then coverage should not extend to vehicles owned by the couple's employers, Jade Marine and Tobias, Inc., respectively. Furthermore, Farm Bureau provides an explanation as to why no vehicles are listed on the declaration page and why there is no space on which to so do. In its brief, Farm Bureau states that the comprehensive policy was meant to insure a small risk of non-owned and hired vehicles, which was not intended to include Judy's BMW, since it was insured by a separate insurance company. To aid its argument, Farm Bureau cites to the testimonies of insurance agents who spoke with Elliot and Judy during the negotiation of the policies, the testimony of Judy, and to the price of the premium for the comprehensive policy. Essentially, Farm Bureau argues that it was the intention of all parties involved to exclude UM coverage for the BMW.

We agree with Mistich that there are two reasonable interpretations of exclusion (b): that the policy does not apply to vehicles owned or furnished for regular use, unless the specific member of the insured's household is listed on the declaration page; or that the policy does not apply to vehicles owned or furnished for regular use, as to any member of the insured's household, unless the specific vehicle is listed on the declaration page. The ambiguity results from a misplaced modifier phrase, "unless shown on the declaration," which could reasonably be there to modify either "automobiles" or "member."

Farm Bureau urges extrinsic and parol evidence in support of its argument against coverage. According to Farm Bureau, this evidence should be available to ascertain the intent of the parties and to resolve the ambiguity before us. Conversely, Mistich refers us to the principle that the drafter of an insurance policy should not be permitted to vary the terms using extrinsic evidence, since coverage,

7

especially exclusions, should be well-defined. *See Cooling*, 269 So.2d 294; *Holland*, 688 So.2d 1186; *La. Maint. Servs, Inc.*, 616 So.2d 1250; *Peterson*, 729 So.2d 1024. In addition, "if the language of the exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied." *Holland*, 688 So.2d at 1189.

We conclude that extrinsic evidence should not be admissible to vary the terms of the contract. We further conclude that exclusion (b) can be reasonably interpreted to mean that members of the insured household would not benefit from coverage unless they were listed on the declaration page. Elliot Mistich, Sr. was listed on that page; therefore, the policy should be read to include coverage of the underlying accident. Accordingly, we reverse the decision of the trial court granting Farm Bureau summary judgment and rule in favor of coverage.

Under this assignment of error, Mistich also appeals the trial court's denial of their own Motion for Summary Judgment. Mistich sought partial summary judgment on whether Farm Bureau's policy, specifically, exclusion (b), is ambiguous. In its motion, Mistich pointed out the exclusion's clause "unless shown on the declaration," could reasonably refer to "member" or "automobiles." We agree with Mistich that exclusion (b) is ambiguous and that it should be construed in favor of coverage. For the reasons discussed above, we reverse the trial court's denial of Mistich's Partial Motion for Summary Judgment. We rule in favor of Mistich, insofar as coverage is found in their favor. Accordingly, we reverse the decision of the trial court and remand for proceedings consistent herewith.

**Assignment of Error Number Two**

In the second assignment of error, Judy Mistich states that the trial court erred by granting Farm Bureau's Motion for Summary Judgment for Failure to

8

Procure Claims.  Judy contends that had she known at the time that Farm Bureau would deny the very UM coverage that she sought, she would have sought UM coverage elsewhere.  We find this issue moot, however, due to our decision to reverse the trial court's summary judgments denying coverage.  Therefore, this issue is pretermitted.

**CONCLUSION**

We reverse the decision of the trial court to grant Farm Bureau, Inc.'s Motion for Summary Judgment to deny coverage, because the policy exclusion's ambiguity can be reasonably interpreted in favor of Mistich, the insured. We also reverse the decision of the trial court denying Mistich's Motion for Partial Summary Judgment and rule in favor of coverage.  We remand for proceedings consistent with this opinion.  All costs are assessed to defendant Louisiana Farm Bureau Casualty Insurance Co.

**REVERSED AND REMANDED.**