NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-966

STATE OF LOUISIANA

VERSUS

ROBERT HARRIS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 83040
HONORABLE JOHN C. FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge,  John D. Saunders, and Phyllis M. Keaty, Judges.

CONVICTION AND SENTENCE AFFIRMED.
APPELLATE COUNSEL'S MOTION TO WITHDRAW GRANTED.

**Asa Allen Skinner**
**District Attorney, 30th JDC**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Robert Harris**

**Saunders, Judge.**

On April 3, 2012, the Defendant, Robert Harris, was charged by bill of information with one count of possession of child pornography, a violation of La.R.S. 14:81.1. The Defendant pled not guilty to the charge on that same date. Subsequently, on February 5, 2014, the Defendant entered a plea of guilty to the charge. On that same date, both the Defendant and his counsel signed a written "Waiver of Constitutional Rights and Plea of Guilty" form and a written "Notification of Sex Offender Registration Requirements" form. Thereafter, on April 8, 2014, the trial court imposed the minimum sentence, two years at hard labor without benefit of probation or supervision.[1] On April 29, 2014, the Defendant filed a Motion to Reconsider Sentence, which was denied on April 30, 2014, without a hearing.

On July 16, 2014, the Defendant requested an out-of-time appeal, which was granted by the trial court on July 18, 2014. The Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal and requests this court grant his accompanying motion to withdraw. On October 16, 2014, the Defendant was advised, via certified mail, that counsel filed an *Anders* brief and that he was given until November 17, 2014, to file a pro se brief. To date, the Defendant has not filed a pro se brief. For the following reasons, we affirm the

---

[1] We note that the trial court inadvertently stated that the sentence was to be served without benefit of probation and *supervision* rather than without benefit of probation and *suspension*. This misstatement, however, does not affect the legality of the sentence imposed.

Additionally, as noted by appellate counsel, the trial court did not state that the sentence was to be served without benefit of parole. At the time the Defendant committed the offense, the applicable penalty provision required the sentence to be served without benefit of parole. *See* La.R.S. 14:81.1(E)(1). As appellate counsel also asserts, however, no corrective action is necessary since the sentence is deemed to contain the parole restriction. La.R.S. 15:301.1(A).

Defendant's conviction and sentence and grant appellate counsel's motion to withdraw.

**FACTS:**

The following factual basis was given by the State in support of the Defendant's guilty plea:

> Your Honor, on or about the date alleged in the Bill of Information in this matter Mr. Robert Harris is accused of having downloaded child pornography. This all stems from the State Police receiving information that there was downloading and possessing of child pornography from Detective Mike Stevens of the Rapides Parish Sheriff's Office through the Louisiana State Police. There was initiated a software research on it and it was discovered that the IP address that was observing or distributing child pornography through investigation was located in Leesville, Louisiana. On December the 8th, 2010, the Louisiana State Police Criminal Division field office of Alexandria executed a search warrant at 201 Sunny Lane, Leesville, Louisiana, and on that date Robert Harris was identified as the person who had been downloading child pornography, gave a full confession, and was arrested and booked into the Vernon Parish jail at that time on the charges to which he's charged with. Subsequently, a search of his computer showed that information and was verified and as a result of that these charges came.

**ERRORS PATENT :**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

*ANDERS* **ANALYSIS:**

Pursuant to *Anders*, the Defendant's appellate counsel filed a brief stating that he made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of the Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Appellate counsel's *Anders* brief must review the record and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In his *Anders* brief, appellate counsel points out that throughout the proceedings, the Defendant was represented by counsel. Additionally, appellate counsel notes that the Defendant was properly *Boykinized* and was sentenced to the minimum sentence in accordance with the plea agreement. Because the Defendant was sentenced in accordance with his plea agreement, appellate counsel asserts that a review of his sentence is now precluded. Finally, appellate counsel notes that the trial court incorrectly advised the Defendant of the time period for filing post-conviction relief under La.Code Crim.P. art. 930.8. Instead of advising the Defendant that he had two years from the finality of his conviction and sentence to file post-conviction relief, the trial court simply advised the Defendant that he had two years to file an application for post-conviction relief, without specifying that the time period begins to run from the finality of the Defendant's conviction and sentence. Thus, appellate counsel asserts that the trial court should be ordered to

3

inform the Defendant of the correct prescriptive period. We note, however, that the guilty plea form signed by the Defendant contains a correct advisement of the time period for filing post-conviction relief. In accordance with La.Code Crim.P. art. 930.8(C), the inclusion of the 930.8 notice on a guilty plea form was proper. Thus, we find there is no need to order the trial court to inform the Defendant of the time period for filing post-conviction relief.

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, this court has performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Our review confirmed the statements made by appellate counsel. The Defendant was properly charged in the bill of information, and he was present and represented by counsel at all crucial stages of the proceedings. Additionally, the Defendant entered a free and voluntary plea after he was advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). The trial court informed the Defendant that he was waiving his right to a jury trial, his right to confront and cross-examine his accusers, his right to compel witnesses to testify, his right to remain silent, and his right to representation. These rights were also set forth in a written plea form signed by the Defendant. The trial court also advised the Defendant of the penalty range he was facing (two to ten years "without benefit" and/or a $10,000 fine) and advised the Defendant that his plea agreement was for the minimum sentence.[2] The Defendant stated that he understood the range and the plea agreement.

---

[2]We note that the trial court incorrectly informed the Defendant that he was facing two to ten years, a $10,000 fine "*or both*." (emphasis added). At the time the Defendant committed the present offense, the penalty provision for La.R.S. 14:81.1(E)(1) called for a sentence of two to ten years of imprisonment without benefits *and* a fine of not more than $10,000. We find, however, that the trial court's misstatement is of no consequence since no minimum fine was required to be imposed and no fine was imposed. *See State v. Francois*, 06-788, p. 7 (La.App. 3 Cir. 12/13/06), 945 So.2d 865, 870 (Where the trial court does not impose a fine and the pertinent statute "authorizes a fine of 'not more than' an amount, [the trial court] impliedly imposes a fine of $0, and [it] is not an error patent."

Additionally, the Defendant stated that he had not been induced to plead by any threats, promises, or force.

On the same date as his guilty plea, the Defendant signed a form entitled "Waiver of Constitutional Rights *and* Plea of Guilty." The trial court asked the Defendant if he read the written plea of guilty form, if he understood the form, and if he signed the form. The Defendant answered all questions affirmatively and stated that he had no questions about the form. On the form itself, the Defendant indicated that he had sixteen years of formal education. Additionally, the Defendant's counsel signed a statement on the form declaring that he had reviewed the form with the Defendant, that he was satisfied that the Defendant fully understood his constitutional rights, and that he was satisfied that the Defendant's plea was being given freely and voluntarily.

Finally, on the date of his guilty plea, the Defendant, his attorney, and the trial court, signed a form entitled "Notification of Sex Offender Registration Requirements," which advised the Defendant, among other things, that he would be required to register as a sex offender for twenty-five years from the date of his release. Upon accepting the Defendant's plea, the trial court asked the Defendant if understood that he would have to comply with the notification requirements set forth in the form. The Defendant replied, "Yes, sir."

As for the sentence imposed, appellate counsel asserts that the Defendant is precluded from seeking review of his sentence since it was imposed in conformity with a plea agreement. Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." In *State v. Vital*, 12-881, pp. 5-6 (La.App. 3 Cir. 2/6/13), 107 So.3d

5

1274, 1278, *writ denied*, 13-430 (La. 9/13/13), 120 So.3d 692 (footnote omitted), this court held:

> Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This court has held, based on this article, "[i]n an instance where the court sentences the defendant in accordance with the parties' recommendation for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded." *State v. Jordan*, 98–101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38. Thus, a defendant may not seek review of his sentence "when a *specific* sentence or sentencing range is agreed to by both parties as part of a plea agreement, and is judicially recognized at the sentencing hearing." *Id*. at 39.

In the present case, the trial court accepted the sentencing recommendation agreed to by the parties. At the guilty plea proceeding, the Defendant's attorney informed the trial court that the Defendant was pleading guilty to the charged offense in exchange for the State's recommendation that he serve the minimum sentence - "two years without benefit." Thereafter, the trial court informed the Defendant that the penalty range for possession of child pornography was two to ten years without benefits and/or a fine of $10,000. The trial court then stated that the plea agreement was for the minimum sentence, and the Defendant agreed. Subsequently, the trial court sentenced the Defendant to the minimum sentence – two years at hard labor without benefit of probation or supervision. Thus, we find appellate counsel correctly asserts that the Defendant is precluded from seeking review of his sentence on appeal. Furthermore, any argument as to the excessiveness of the sentence would be frivolous since the sentence was the minimum required by statute.

6

## **DECREE**

This court's review of the record reveals no issues that would support an assignment of error on appeal. Therefore, we affirm the Defendant's conviction and sentence.

After consideration of appellate defense counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter,

IT IS HEREBY ORDERED that appellate defense counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED. APPELLATE COUNSEL'S MOTION TO WITHDRAW GRANTED.**