# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 24-10


MITCHELL EWING, JR. AND
AMANDA EWING

VERSUS

PROGRESSIVE CASUALTY INSURANCE
CO., FREEDOM PROSTHETICS MS LLC,
AND JOYCE BRUNSON


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 20-C-2604-D
HONORABLE D. JASON MECHE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


# WILBUR L. STILES
# JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Van H. Kyzar, Candyce G. Perret, and Wilbur L. Stiles, Judges.


**REVERSED AND RENDERED.**

**Chuck D. Granger**
**Granger Law Firm**
**Post Office Drawer 1849**
**Opelousas, LA 70571-1849**
**(337) 948-5000**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Mitchell Ewing, Jr.**
    **Amanda Ewing**

**Patrick J. Briney**
**Michael P. Corry, Sr.**
**Briney Foret Corry, LLP**
**Post Office Drawer 51367**
**Lafayette, LA 70505-1367**
**(337) 456-9835**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Progressive Security Insurance Company**

**Peter F. Caviness**
**Falgoust & Caviness, L.L.P.**
**505 South Court Street**
**Opelousas, LA 70577**
**(337) 942-5812**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Louisiana Farm Bureau Casualty Insurance Company**

**C. Shannon Hardy**
**John W. Penny, Jr.**
**Penny & Hardy**
**600 Jefferson Street, Suite 601**
**Lafayette, LA 70502**
**(337) 231-1955**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Joyce Brunson**
    **Freedom Prosthetics MS, LLC**
    **Progressive Security Insurance Company**

**Lauren Camel Begneaud**
**Caffery, Oubre, Campbell & Garrison, L.L.P.**
**100 East Vermilion Street, Suite 201**
**Lafayette, LA 70501**
**(337) 232-6581**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Joyce Brunson**

**STILES, Judge.**

Louisiana Farm Bureau Casualty Insurance Company seeks review of the trial court's determination that the Comprehensive Automobile Insurance Policy it issued to David Brunson provided liability coverage for an accident involving a non-owned vehicle driven by Mr. Brunson's wife. Farm Bureau seeks summary judgment in its favor. For the following reasons, we reverse and render.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs Mitchell Ewing, Jr. and Amanda Ewing allege that Mr. Ewing sustained injury when his vehicle was struck by a 2017 Mazda owned by Freedom Prosthetics MS, LLC and operated by its employee, Joyce Brunson. The record establishes that Freedom Prosthetics provided the Mazda for Mrs. Brunson's use in her position as a marketer for the company and that she was calling on clients at the time of the accident.

Plaintiffs filed suit against Mrs. Brunson, Freedom Prosthetics, and Freedom's insurer, Progressive Security Insurance Company.[1] Plaintiffs also named Progressive Security in its capacity as Mr. and Mrs. Ewing's UM insurer. Plaintiffs amended their petition to add Louisiana Farm Bureau Insurance Company as a defendant as Farm Bureau issued a policy of automobile insurance to Mrs. Brunson's husband, David Brunson.[2] In its answer, Farm Bureau denied coverage for the accident and asserted that the policy's "regular use" exclusion excludes coverage for a vehicle available to either Mr. Brunson, as the named insured, or a member of his household, unless the automobile is shown on the policy's Declarations page.

Farm Bureau and Progressive Security filed cross motions for summary judgment on the issue of Farm Bureau's coverage. Farm Bureau maintained that it was entitled to

---

[1] Plaintiffs initially misidentified Progressive Security Insurance Company as Progressive Casualty Insurance Company. We refer to the insurer as Progressive Security for conformity with the judgment under review.

[2] Farm Bureau also issued an umbrella policy to Mr. Brunson. However, Farm Bureau was not named as a party in that capacity.

summary judgment in its favor as the Mazda provided by Freedom Prosthetics to Mrs. Brunson for her regular use is not listed or shown on Mr. Brunson's Farm Bureau policy Declarations page. While the policy includes a "Special Endorsements Section" listing an "Extended Non-Owned Automobile Endorsement," the Declarations page does not indicate that the endorsement was made applicable to the subject policy. Farm Bureau therefore maintained that the policy's "regular use" exclusion prohibits coverage of the Mazda in favor of Mrs. Brunson for this accident. Farm Bureau sought dismissal of Plaintiffs' claim against it.

By its cross motion, Progressive Security argued that Farm Bureau's reliance on the "regular use" exclusion is misplaced. Progressive Security maintained, instead, that the Mazda constitutes a "non-owned automobile" under the terms of the policy and that the policy, in the least, is ambiguous as to whether Mr. Brunson's policy included the "Extended Non-Owned Automobile Endorsement."

Following a hearing, the trial court denied Farm Bureau's motion and granted summary judgment in favor of Progressive Security, finding coverage under the Farm Bureau policy. The trial court deferred a Motion for Summary Judgment filed by Plaintiffs by which they joined in Progressive Security's Motion.[3] The trial court reduced its ruling to an October 26, 2023 judgment.

By this appeal, Farm Bureau advances a single error and questions whether "[t]he Trial Court erred in granting the Motion for Summary Judgment of Progressive Security and denying the Motion for Summary Judgment of Farm Bureau."

## DISCUSSION

*Standard of Review*

Louisiana Code of Civil Procedure Article 966(A)(3) requires a court to grant a motion for summary judgment "if the motion, memorandum, and supporting documents

---

[3] Plaintiffs have filed an appellee's brief adopting by reference the arguments filed by Progressive Security.

show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." An appellate court considers a trial court's ruling on a motion for summary judgment de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *See Higgins v. La. Farm Bureau Cas. Ins. Co.*, 20-1094 (La. 3/24/21), 315 So.3d 838. The appellate court therefore inquires whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Cutsinger v. Redfern*, 08-2607 (La. 5/22/09), 12 So.3d 945.

The present case involves interpretation of the Farm Bureau insurance policy and thus presents a question of law. *See Cutsinger*, 12 So.3d at 949 ("Interpretation of an insurance policy ordinarily involves a legal question that can be properly resolved by a motion for summary judgment."). While an insured bears the burden of proving the existence of a policy and coverage, an insurer bears the burden of demonstrating any policy limits or exclusions. *Tunstall v. Stierwald*, 01-1765 (La. 2/26/02), 809 So.2d 916. Mindful of those respective burdens, we turn to consideration of the parties' arguments.

*Regular Use Exclusion and Extended Non-Owned Automobile Endorsement*

The Farm Bureau Comprehensive Automobile Insurance policy issued to Mr. Brunson lists three covered vehicles on its Schedule of Owned Units: a 2004 Rubicon 4-wheeler, a 2013 GMC Sierra pickup truck, and a 2016 Cadillac Escalade. The Farm Bureau policy's Declarations page does not list the Mazda provided to Mrs. Brunson for her regular use by Freedom Prosthetics. Farm Bureau therefore maintains that coverage is excluded as follows:

**EXCLUSIONS**

**This Policy Does Not Apply:**

. . . .

   (b)    under any of the coverages, for any automobile available for you or any member of your household's regular use, unless shown on the Declarations.

Progressive Security disputes that the resolution of the coverage issue is as linear as Farm Bureau suggests. As a starting point, Progressive Security notes that the Farm Bureau policy is labelled as "*Comprehensive* Automobile Insurance" and argues that it must therefore be construed to "cover completely" an insured's use and operation of vehicles. (Emphasis added.) We point out, however, that Progressive Security's preferred construction cannot circumvent the terms and conditions of the policy, given the foundational principle that an insurance policy is a conventional obligation constituting the law between the insured and the insurer. *Peterson v. Schimek*, 98-1712 (La. 3/2/99), 729 So.2d 1024 (citing La.Civ.Code art. 1983). The intent of the parties is to be determined in accordance with the words used in the policy, and those words must be construed "given their generally prevailing and ordinary meaning, unless the words have acquired a technical meaning." *Id.* at 1028-29 (citing La.Civ.Code art. 2047). Moreover, each provision in the contract must be interpreted in light of the contract's other provisions so that each is given the meaning suggested by the contract as a whole. *See* La.Civ.Code art. 2050. While the policy is identified as one offering "comprehensive" insurance, that descriptor cannot be viewed without reference to the policy's parameters agreed upon by the insured and the insurer.

As to the issue of whether the Farm Bureau policy offers coverage for this accident, Progressive Security recognizes that the Mazda is not a listed vehicle but it maintains that the policy was endorsed to extend coverage to "non-owned automobiles."[4] It notes that Mr. Brunson was charged a premium for "hired and non-owned coverage." Progressive Security further points out that the policy contains a "Special Endorsement Section," listing a number of special endorsements possible

---

[4] The policy defines a "non-owned automobile" as "a land motor vehicle, trailer, or semi-trailer not owned by, registered in the name of, hired by, or loaned to the named insured."

4

under the policy. Included among those endorsements, is an "Extended Non-Owned Automobile Endorsement," which provides:

## EXTENDED NON-OWNED AUTOMOBILE
## ENDORSEMENT

**Special Endorsement Code A**

It is agreed that such insurance as is afforded by the policy for Coverage A, Bodily Injury Liability, Coverage B, Property Damage Liability and for Coverage C, Medical Payments applies to any non-owned automobile while being operated by the named insured or spouse, if a member of the named insured's household, subject to the following provisions:

1.  The only insureds under this endorsement are the named insured and spouse, only if the spouse is a resident of the named insured's household.

2.  Exclusion (b) of the policy is replaced by the following (b) under any of the coverages for automobiles owned by the insured or any member of the insured's household unless shown on the Declarations.

That endorsement, Progressive Security argues, must be viewed as supplanting the "regular use" exclusion relied on by Farm Bureau and thereby extending coverage to "non-owned automobiles" while being operated by Mr. Brunson or his spouse if a member of his household. The record establishes that Mrs. Brunson is a member of Mr. Brunson's household.

Farm Bureau challenges the applicability of the "Extended Non-Owned Automobile Endorsement" to Mr. Brunson's policy. Significantly, Farm Bureau points out that the "Special Endorsements Section" provides that:

The following Special Endorsements, if any, are applicable provided the special endorsement code is entered on the Declarations under "Special Endorsement Codes".

Mr. Brunson's policy, however, identifies only a single "Special Endorsement Code," a code for the "Recreational Vehicle Endorsement" on the 2004 Rubicon 4-wheeler. No portion of the Declarations page includes a "Special Endorsement Code" for the "Extended Non-Owned Automobile Endorsement."

5

Progressive Security argues that the requirement that the "Special Endorsement Code" be entered on the Declarations is satisfied by reference to the listing of Special Endorsements and their respective codes on the pages that follow the Declarations. The code for the "Extended Non-Owned Automobile Endorsement" is included among those. Progressive Security suggests that the applicable code, Code ("A"), corresponds to the code for "Bodily Injury Liability" and that, since bodily injury "is what the Ewings are suing Mrs. Brunson for[,]" the policy is in the least ambiguous as to whether the policy includes the extended endorsement. Progressive Security's reading, however, conflicts with the contract's clear and explicit terms for selection of the endorsements. Its interpretation would further result in all twelve Special Endorsements being read into the policy.

First, the Farm Bureau policy language requires an insured to definitively choose among the offered Special Endorsement, instructing that the "Special Endorsements, *if any*," are applicable if "the special endorsement code is entered on the Declarations under 'Special Endorsement Codes.'" (Emphasis added.) The Declarations page, in turn, contains an identifiable space for the entry of "Special Endorsement Codes." Mr. Brunson's Declarations page lacks the designated code for "Extended Non-Owned Automobile Endorsement," although he availed himself of a different endorsement for his recreational vehicle. Importantly, a court lacks the authority to alter the terms of insurance contracts under the guise of contractual interpretation if the policy's provisions are couched in unambiguous terms. *Sims v. Mulhearn Funeral Home, Inc.*, 07-54 (La. 5/22/07), 956 So.2d 583. Rather, "[t]he rules of contractual interpretation simply do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clarity the parties' intent." *Id.* at 589. *See also* La.Civ.Code art. 2046 ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.").

6

No such ambiguity is posed by the Farm Bureau policy. The policy provides coverage for "non-owned automobiles," and a premium was in fact charged for that coverage. Nevertheless, exclusion (b) excludes coverage for *any* automobile that is available for the named insured or any member of his household's "regular use" unless the vehicle is listed on the Declarations. The record demonstrates that the Mazda was available for Mrs. Brunson's "regular use" and that it is not listed on the Declarations. The policy thereafter prescribes the method by which the insured may avail himself of an "Extended Non-Owned Automobile Endorsement," *i.e.*, by entry of the pertinent Special Endorsement Code "on the Declarations under, 'Special Endorsement Codes.'"

Mr. Brunson's policy contains no such entry, nor does it indicate that Mr. Brunson was charged a premium for such an extension. Given those factors, we conclude that the "regular use" exclusion in the Farm Bureau policy is applicable and undermines Progressive Security's contention that the policy was extended to provide Mrs. Brunson with liability insurance for the July 17, 2019 accident.

Finally, we note that Progressive Security suggests that this court's opinion in *Mistich v. Weeks*, 12-150, 12-151 (La.App. 3 Cir. 7/13/12), 107 So.3d 1, *writ denied*, 12-1837 (La. 11/9/12), 100 So.3d 838, is helpful in interpreting the Farm Bureau policy. While the *Mistich* panel determined that Farm Bureau's "regular use" exclusion was ambiguous and therefore resolved the matter in favor of coverage in that case, the *Mistich* panel encountered a quite different factual situation as the insured in that case obtained a Farm Bureau policy exclusively for UM coverage on two vehicles owned by the insureds. The policy did not otherwise provide liability coverage. Thus, while the policy named the insureds on the declaration sheet, it did not list any vehicles. Following an accident in one of the undesignated vehicles owned by the insureds, Farm Bureau argued that coverage was excluded under the "regular use" exclusion since the policy provided coverage "'for automobiles owned or furnished for regular use of any member of the insureds [sic] household, *unless shown on the Declarations*.'" *Id.* at 2.

The panel reasoned that the emphasized phrase could be interpreted to modify "automobile" *or* "member." The court therefore found the exclusion ambiguous as the policy listed insureds but no automobiles. This case of course differs as the Declarations page lists an insured as well as designated vehicles. Accordingly, the Farm Bureau policy, under the facts of this case, is not burdened by the ambiguity found to be present in *Mistich*.

## DECREE

For the foregoing reasons, the October 26, 2023 summary judgment entered in favor of Progressive Security Insurance Company is reversed. The corresponding denial of the Motion for Summary Judgment filed by Louisiana Farm Bureau Casualty Insurance company is reversed and is hereby granted in favor of Louisiana Farm Bureau Casualty Insurance Company, dismissing the suit of Plaintiffs/Appellees Mitchell Ewing, Jr. and Amanda Ewing against it. Costs of this proceeding are assigned equally to Plaintiffs/Appellees Mitchell Ewing, Jr. and Amanda Ewing and to Defendant/Appellee Progressive Security Insurance Company.

**REVERSED AND RENDERED.**